UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6  'O'

| Case No. | 8:14-cv-01481-CAS(CWx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | RAMPHIS MARTINEZ V. LESLIE'S POOLMART, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Anne Kielwasser | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Jason Cucovatz | | Damien DeLaney | |

**Proceedings:** DEFENDANT'S MOTION TO COMPEL ARBITRATION OF INDIVIDUAL CLAIMS AND TO DISMISS CLASS CLAIMS (Filed 10/03/14)[11]

## I. INTRODUCTION

Plaintiff filed this putative class action in Orange County Superior Court on August 6, 2014. Dkt. 1. Defendant Leslie's Poolmart, Inc. ("Leslie's") removed the case to this Court on September 12, 2014. Id. Plaintiff's complaint asserts claims under California's employment laws, and claims under California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, *et seq.* In brief, plaintiff alleges that Leslie's engages in a variety of unlawful employment practices, including failing to pay overtime, failing to provide meal periods and rest breaks, failing to furnish itemized wage statements, failing to pay wages twice monthly, failure to pay wages upon ending employment, and failing to provide suitable seating for employees. Plaintiff seeks damages, civil penalties, and injunctive relief.

On October 3, 2014, defendant filed a motion to compel arbitration of plaintiff's individual claims, and to dismiss plaintiff's class and representative claims. Dkt. 11. Plaintiff opposed the motion on October 13, 2014, dkt. 12, and defendant replied on October 20, 2014, dkt. 14. The Court held a hearing on November 3, 2014. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | 8:14-cv-01481-CAS(CWx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | RAMPHIS MARTINEZ V. LESLIE'S POOLMART, INC., ET AL. | | |

## II. BACKGROUND

This case arises out of plaintiff's employment with Leslie's.[1] As discussed supra, plaintiff alleges that Leslie's engages in myriad unlawful employment practices. Plaintiff began working at Leslie's on May 16, 2012, and is currently employed as an Assistant Store Manager at Leslie's Lake Forest, California store located on Mercury Road. Martinez Decl. ¶ 2.

Although plaintiff denies that he ever agreed to arbitrate his employment disputes, he acknowledges "clicking 'agree' to a bunch of documents" provided by Leslie's prior to beginning his employment. Martinez Decl. ¶ 10.[2] Marie Sousa, Vice President of Human Resources for Leslie's, confirms that one of these documents was entitled "Mutual Agreement to Arbitrate Claims" ("arbitration agreement"), and that it was signed electronically by plaintiff on May 16, 2012. Sousa Decl. ¶¶ 2, 6.[3] In pertinent part, the

---

[1] Although the complaint fails to make allegations specific to plaintiff Martinez—instead framing allegations entirely in terms of "plaintiff and class members," or "plaintiff and defendants' non-exempt employees"—Martinez submitted a declaration in conjunction with his opposition to this motion in which he provides some of the basic information missing from the complaint.

[2] It is noteworthy that plaintiff asserts that he would have agreed to arbitrate had Leslie's been willing to submit all of plaintiff's claims to arbitration. Opp'n at 1.

[3] Plaintiff objects to Sousa's testimony that plaintiff signed the arbitration agreement, as well as the introduction of the arbitration agreement, which is attached to Sousa's declaration. Obj'ns at 1. Plaintiff asserts that Sousa's testimony lacks foundation, is irrelevant, constitutes an inadmissible legal conclusion, and amounts to inadmissible hearsay. Id. The Court disagrees. Sousa's declaration establishes that she has personal knowledge regarding plaintiff's personnel file, which contains the arbitration agreement and which she accesses in the course and scope of her employment, Sousa Decl. ¶ 5; the arbitration agreement is plainly relevant to a motion to compel arbitration; the arbitration agreement is not hearsay, since it is the record of a regularly conducted business activity, see FRE 802(6); finally, Sousa's testimony does not offer legal conclusions. Accordingly, the Court OVERRULES plaintiff's objection to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | 8:14-cv-01481-CAS(CWx) | Date | November 3, 2014 |
| Title | RAMPHIS MARTINEZ V. LESLIE'S POOLMART, INC., ET AL. | | |

arbitration agreement provides:

> The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, whether or not arising out of my employment (or its termination), that the Company may have against me or that I may have against any of the following (1) the Company, (2) its officers, directors, employees or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary and affiliated entities, (4) the Company's benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates and agents, and/or (5) all successors and assigns of any of them.
>
> The only claims that are arbitrable are those that, in the absence of this Agreement, would have been justiciable under applicable state or federal law. The claims covered by this Agreement include, but are not limited to: claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for discrimination (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, physical or mental disability or handicap, or medical condition); claims for benefits (except claims under an employee benefit or pension plan that either (1) specifies that its claims procedure shall culminate in an arbitration procedure different from this one, or (2) is underwritten by a commercial insurer which decides claims); and claims for violation of any federal, state, or other governmental law, statue, regulation or ordinance, except claims excluded in the section of this Agreement entitled "Claims Not Covered By The Agreement."
>
>  Except as otherwise provided in this Agreement, both the Company and I agree that neither of us shall initiate or prosecute any lawsuit or administrative action (other than an administrative charge of discrimination to the Equal Employment Opportunity Commission, California Department

---

portion of Sousa's declaration containing the arbitration agreement. To the extent that plaintiff objects to other portions of Sousa's declaration, these objections are OVERRULED as moot, since the Court does not rely on them in deciding this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | 8:14-cv-01481-CAS(CWx) | Date | November 3, 2014 |
| Title | RAMPHIS MARTINEZ V. LESLIE'S POOLMART, INC., ET AL. | | |

of Fair Employment and Housing or similar fair employment practices agency, or an administrative charge within the jurisdiction of the National Labor Relations Board), in any way related to any claim covered by this Agreement.

Sousa Decl., Ex. A.

### III.   LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA reflects a "liberal federal policy favoring arbitrations agreements."  Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mecury Constr. Corp., 460 U.S. 1, 24 (1983)).

The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute."  Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 626 (1985).  The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms.  Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000).  When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal courts should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter."  First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279 F.3d 889, 892 (2002).  "[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue."  AT & T Mobility LLC v. Concepcion,131 S.Ct. 1740 (2011).  "Parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."  Rent–A–Center, W., Inc. v. Jackson, 561 U.S. 63, 68-69 (2010).  However, "the question of arbitrability, is an issue for judicial determination unless the parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | 8:14-cv-01481-CAS(CWx) | Date | November 3, 2014 |
| Title | RAMPHIS MARTINEZ V. LESLIE'S POOLMART, INC., ET AL. | | |

clearly and unmistakably provide otherwise." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (internal citations and quotations omitted).

## IV. DISCUSSION

Defendant argues that because plaintiff's individual claims "are predicated on his employment relationship with Leslie's and are for unpaid wages and violations of unfair competition," they fall squarely within the scope of the parties' arbitration agreement. Mot. Comp. Arb. at 7. Additionally, defendant contends that the plain language of the arbitration agreement—which encompasses claims that "the Company may have against me or that I may have against [the Company]" and does not contain a class arbitration clause—only allows plaintiff to pursue individual claims in arbitration, not class claims or representative claims pursuant to California's Private Attorney General Act ("PAGA"), California Labor Code § 2698, *et seq.* Id. at 9-10.

In response, plaintiff argues that, to the extent the arbitration agreement requires plaintiff to give up his right to pursue a class claim or a representative PAGA claim, the agreement is unenforceable. Opp'n at 7-8. Additionally, plaintiff contends that under the California Supreme Court's decision in Broughton v. Cigna Healthplans of Cal., 21 Cal.4th 1066 (1999), and Cruz v. PacifiCare Health Systems, Inc., 30 Cal. 4th 303 (2003), plaintiff's claims for injunctive relief are not arbitrable. Id. at 18.[4]

---

[4] Plaintiff also argues that the FAA does not govern the arbitration agreement, since defendants have not presented evidence that the arbitration agreement "facilitates interstate commerce either directly or indirectly as these are all California claims involving California employees." Opp'n at 4-5. This argument lacks merit. Leslie's is an out-of-state company that operates in California and 34 other states. Sousa Decl. ¶¶ 3-4. This is sufficient to meet the FAA's interstate commerce requirement. See Circuit City Stores v. Adams, 532 U.S. 105, 109-18 (2001) (finding California sales employee's arbitration agreement with employer engaged in nationwide retail business fell within scope of FAA). Moreover, the arbitration agreement expressly provides that it is governed by the FAA. Sousa Decl., Ex. A (arbitration agreement). Accordingly, the Court finds that the FAA applies to the arbitration agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | 8:14-cv-01481-CAS(CWx) | Date | November 3, 2014 |
| Title | RAMPHIS MARTINEZ V. LESLIE'S POOLMART, INC., ET AL. | | |

The Court addresses the arbitrability of the class claims, the PAGA claims, and the UCL claim in turn.

### A. Labor and Employment Class Claims

Leslie's asserts that the arbitration agreement precludes arbitration of plaintiff's claims on a class-wide basis, since the agreement does not contain a class arbitration provision. Leslie's directs the Court to Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 685 (2010). In Stolt-Nielsen, the Court considered whether an arbitration clause between commercial parties could be construed to require arbitration of class claims, where the parties had stipulated that the arbitration clause was "silent" regarding class arbitration. The Court concluded that "the parties' mere silence on the issue of class-action arbitration" was insufficient to interpret the subject arbitration requirement as requiring arbitration of class claims. 559 U.S. at 686-7 ("An implicit agreement to authorize class-action arbitration . . . is not a term that [may be] infer[red] solely from the fact of the parties' agreement to arbitrate."). However, because the parties' had stipulated that the arbitration clause was "silent" regarding class claims, the Stolt-Nielsen Court did not decide "what contractual basis may support a finding that the parties agreed to authorize class-action arbitration." Id. at 687 n.10.

In opposition, plaintiff contends that the arbitration agreement is not "silent" with regard to class arbitration. Rather, plaintiff argues that the arbitration agreement contemplates arbitration of class claims because it expressly permits the American Arbitration Association ("AAA") or Judicial Arbitration & Mediation Services ("JAMS') to conduct the arbitration—and both AAA and JAMS have adopted rules and procedures for arbitrating class claims. Opp'n at 16. Further, plaintiff contends that, as the drafter of the arbitration agreement, Leslie's could have expressly excluded class arbitration had it desired to do so. Id. Finally, plaintiff points to Yahoo! Inc. v. Iversen, 836 F. Supp. 2d 1007, 1013 (N.D. Cal. 2011), where the Court declined to read Stolt-Nelsen as requiring "express authorization of class arbitration . . . in order to find that the parties consented to such a procedure."

First, the Court finds that the instant agreement is silent regarding arbitration of class claims. Although the parties have not stipulated to this silence as they did the parties in Stolt-Nielsen, plaintiff's argument that the agreement necessarily contemplates

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | 8:14-cv-01481-CAS(CWx) | Date | November 3, 2014 |
| Title | RAMPHIS MARTINEZ V. LESLIE'S POOLMART, INC., ET AL. | | |

class arbitration because it refers to JAMS and AAA proves too much. See Lopez v. Ace Cash Express, Inc., 2012 WL 1655720, *8 (C.D. Cal. May 4, 2012) (rejecting identical argument). By this logic, the parties' arbitration agreement also contemplates arbitration of disputes related to real estate, wills and trusts, and myriad other situations for which AAA and JAMS have adopted rules governing arbitration proceedings. Further, as Leslie's points out, both JAMS and AAA prohibit arbitrators from considering their respective organization's rules governing class claims in deciding whether or not class claims are arbitrable in any given arbitration proceeding. Reply at 3 (citing AAA Supplemental Rule 3 and JAMS Class Actions Procedures Rule 2).

Second, the plain language of the agreement appears to contemplate bilateral arbitration. The arbitration agreement makes no reference to employee groups or to other employees of Leslie's. Instead, the agreement refers to plaintiff exclusively in terms of "I," "me," and "my," and expressly provides that its purpose is to resolve "differences [that] may arise between [Leslie's] and me." Sousa. Decl., Ex. A. In the absence of language permitting class arbitration, and the presence of language indicating that the parties intended bilateral arbitration, the Court cannot infer that the parties intended to arbitrate class claims. Although the Court declines to adopt an expansive interpretation of Stolt-Nielsen that would uniformly preclude class arbitration in the absence of a provision expressly permitting it, the Court finds that the instant arbitration agreement does not evidence that the parties intended to submit to class arbitration. Stolt-Nielsen, 559 U.S. at 68 ("It falls to courts and arbitrators to give effect to [] contractual limitations [contained in arbitration agreements], and when doing so, courts and arbitrators must not lose sight of the purpose of the exercise: to give effect to the intent of the parties.").

Accordingly, the Court finds that Leslie's may not be compelled to arbitrate plaintiff's claims on a class-wide basis. Rather, plaintiff's purported class claims must proceed to arbitration on a bilateral basis. Accord Lopez, 2012 WL1655720 at *8.[5]

---

[5] Plaintiff makes one additional argument for class-wide arbitration, which is unavailing. Plaintiff argues that finding waiver of class arbitration "directly infringes employees' substantive rights under federal labor law to engage in concerted action." Opp'n at 4. The Court assumes that plaintiff is referring to rights protected by Section 7 of the National Labor Relations Act, 29 U.S.C. § 141, et seq ("NLRA"). Although this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | 8:14-cv-01481-CAS(CWx) | Date | November 3, 2014 |
| Title | RAMPHIS MARTINEZ V. LESLIE'S POOLMART, INC., ET AL. | | |

### B. PAGA Claims

#### 1. Whether Representative PAGA Claims Are Arbitrable

Leslie's asserts that the Court must either dismiss plaintiff's representative PAGA claims or compel plaintiff to arbitrate these claims on an individual basis. Mot. Comp. Arb. at 12-13. Plaintiff counters that there is no such thing as an "individual" PAGA claim, since PAGA is inherently representative, and asserts that such a claim "cannot be barred or relegated to private arbitration." Opp'n at 9.

This Court recently engaged in an extensive analysis of the history and purpose of California's PAGA in Cunningham v. Leslie's Poolmart, Inc., 2013 WL 3233211 (C.D. Cal. June 25, 2013). There, the Court enforced an identical arbitration agreement and compelled arbitration of a different Leslie's employee's representative PAGA claims. The Court reasoned that although PAGA actions "bear a superficial resemblance to a type of class action," they are" better characterized as a type 'qui tam' action." 2013 WL 3233211, at *7. In light of the distinctions between class actions and qui tam actions, the Court concluded that PAGA claims would not be preempted by the FAA pursuant to AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1758 (2011) (invalidating California rule restricting class action waivers in arbitration agreements, since "[r]equiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA."). The California Supreme Court has recently confirmed this Court's reasoning, finding an employee's right to bring a PAGA action unwaivable, and concluding that the FAA "does not preempt a state law that prohibits waiver of PAGA representative actions in a an

---

argument has been accepted by the National Labor Relations Board, In Re D. R. Horton, Inc., 357 NLRB No. 184 (Jan. 3, 2012), it has been rejected by courts, which have found that there is no reason to interpret the NLRA to override the FAA. Jasso v. Money Mart Exp., Inc., 879 F. Supp. 2d 1038, 1047 (N.D. Cal. 2012); Morvant v. P.F. Chang's China Bistro, Inc., 870 F. Supp. 2d 831, 842 (N.D. Cal. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | 8:14-cv-01481-CAS(CWx) | Date | November 3, 2014 |
| Title | RAMPHIS MARTINEZ V. LESLIE'S POOLMART, INC., ET AL. | | |

employment contract." Iskanian v. CLS Transp. Los Angeles, LLC, 59 Cal. 4th 348, 360 (2014).[6]

In light of the California Supreme Court's decision in Iskanian, the Court sees no reason to depart from its holding in Cunningham. Defendants advance two arguments in an attempt to dissuade the Court, neither of which is availing. First, Leslie's contends that, pursuant to Stolt-Nielsen, the Court cannot compel arbitration of plaintiff's representative PAGA claims absent express language in the arbitration agreement evidencing the parties' intent to arbitrate such claims. Mot. Comp. Arb. at 9-10. The Court previously rejected this argument in Cunningham, finding that Stolt-Neilsen did not apply to PAGA claims and holding "that an agreement to arbitrate a representative PAGA claim can be inferred solely from an agreement to arbitrate claims arising out of employment." Cunningham, 2013 WL 3233211, at *11. Second, Leslie's contends that Iskanian was wrongly decided and this Court should not follow it. Mot. Comp. Arb. at 12-13. Although Leslie's cites to one decision where a court in this district declined to follow Iskanian, that court's reasoning rested on the premise that the FAA would likely preempt a California rule precluding waiver of representative PAGA claims. See Fardig v. Hobby Lobby Stores Inc., 2014 WL 4782618 (C.D. Cal. Aug. 11, 2014). As discussed above, this Court already concluded in Cunningham that the FAA does not preempt such a rule, and the Court declines to reconsider that ruling absent binding federal authority to the contrary.

As in Cunningham, the Court finds that plaintiff's PAGA claim is nothing more than "a claim that [plaintiff] may have against the Company." Accordingly, plaintiff should be compelled to arbitrate his representative PAGA claim.

---

[6] The California Supreme Court's holding in Iskanian, like this Court's decision in Cunningham, rested on the distinctions between class actions and PAGA actions. See, e.g., 59 Cal. 4th at 387 ("Representative actions under the PAGA, unlike class action suits for damages, do not displace the bilateral arbitration of private disputes between employers and employees over their respective rights and obligations toward each other. Instead, they directly enforce *the state's* interest in penalizing and deterring employers who violate California's labor laws.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | 8:14-cv-01481-CAS(CWx) | Date | November 3, 2014 |
| Title | RAMPHIS MARTINEZ V. LESLIE'S POOLMART, INC., ET AL. | | |

### 2. Whether Plaintiff May Act as PAGA Representative

Defendant argues that, if the Court compels arbitration of the representative PAGA claim, plaintiff may not serve as the PAGA representative, since this Court has already authorized plaintiff Cunningham to do so in the related action of Cunningham v. Leslie's Poolmart, Inc.. Mot. Comp. Arb. at 15-16. Specifically, Lelsie's contends that permitting duplicative PAGA proceedings is both contrary to California Supreme Court precedent and "creates an improper risk of inconsistent results." Id. at 15. To address this concern, Leslie's requests that the Court, at a minimum, stay plaintiff's representative PAGA claims pending resolution of Cunningham. Id. at 16.

In Arias v. Superior Court, 46 Cal. 4th 969 (2009), the California Supreme Court explained:

> "[A] representative action brought by an aggrieved employee under the Labor Code Private Attorneys General Act of 2004 does not give rise to [] due process concerns . . . because the judgment in such an action is binding not only on the named employee plaintiff but also on government agencies and any aggrieved employee not a party to the proceeding. . . . Accordingly, with respect to the recovery of civil penalties, nonparty employees as well as the government are bound by the judgment in an action brought under the act . . . . [I]f an employee plaintiff prevails in an action under the act for civil penalties by proving that the employer has committed a Labor Code violation, the defendant employer will be bound by the resulting judgment. Nonparty employees may then, by invoking collateral estoppel, use the judgment against the employer to obtain remedies other than civil penalties for the same Labor Code violations. If the employer had prevailed, however, the nonparty employees, because they were not given notice of the action or afforded any opportunity to be heard, would not be bound by the judgment as to remedies other than civil penalties.

46 Cal. 4th at 985-987. Accord Iskanian v. CLS Transp. Los Angeles, LLC, 59 Cal. 4th at 381.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | 8:14-cv-01481-CAS(CWx) | Date | November 3, 2014 |
| Title | RAMPHIS MARTINEZ V. LESLIE'S POOLMART, INC., ET AL. | | |

  Because a PAGA ruling favoring Leslie's employee Cunningham would necessarily bind non-party Leslie's employee Martinez, the Court agrees that arbitration of Martinez's representative PAGA claims must be stayed—to the extent that these claims overlap with Cunningham's claims. Leslie's represents that it is currently engaged in arbitration with Cunningham, who seeks PAGA penalties for: unpaid final wages (Labor Code §§ 201-203); untimely payment of wages (Labor Code § 204); inaccurate itemized wage statements (Labor Code § 226); meal and rest break violations (Labor Code §§ 226.7, 512); unpaid overtime wages (Labor Code §§ 510, 1198); and unpaid minimum wages (Labor Code § 1194). Mot. Comp. Arb. at 15, n.4. It appears to the Court that plaintiff Martinez seeks PAGA penalties for identical Labor Code violations. See generally Compl. Accordingly, the Court concludes that arbitration of plaintiff Martinez's PAGA claims should be stayed pending resolution of Cunningham's arbitration proceedings.

  **C.**   **Claim for Injunctive Relief**

  Plaintiff seeks a public injunction pursuant to California's UCL, Bus. & Prof. Code §17203, and asserts that the Ninth Circuit has recognized a "public injunction" exception to the FAA. Opp'n at 2 (citing Kilgore v. KeyBank, Nat. Ass'n, 718 F.3d 1052 (9th Cir. 2013) and Davis v. O'Melveny & Myers, 485 F.3d 1066, 1082-84 (9th Cir. 2007)).

  The Court finds that plaintiff's request for a public injunction must be arbitrated. In Ferguson v. Corinthian Colleges, Inc., 733 F.3d 928, 934 (9th Cir. 2013), the Ninth Circuit found that the rule expressed in Davis and relied upon by plaintiff is "clearly irreconcilable with subsequent United States Supreme Court decisions concerning the FAA." Moreover, the Ferguson court noted that Kilgore addressed FAA preemption of private injunctions, not public injunctions. Id. at 934, n.3. Further, even without the benefit of Ferguson, this Court has found that a claim for a public injunction is subject to arbitration. Cunningham, 2013 WL 3233211, at *12.

  Accordingly, the Court concludes that plaintiff's claim for injunctive relief is subject to arbitration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** JS-6

| Case No. | 8:14-cv-01481-CAS(CWx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | RAMPHIS MARTINEZ V. LESLIE'S POOLMART, INC., ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, defendant's motion to compel arbitration is hereby granted in part and denied in part. Defendant's motion is denied insofar as it seeks an order preventing plaintiff from pursuing a representative PAGA claim in arbitration. Otherwise, defendant's motion is granted, and plaintiff's claims must proceed in arbitration. These proceedings are hereby STAYED pending the completion of arbitration.

However, the arbitration is also STAYED pending the completion of the arbitration of the related case of Cunningham v. Leslie's Poolmart, Inc., No. CV 13-2122 CAS CWX, 2013 WL 3233211 (C.D. Cal. June 25, 2013).

The parties are ORDERED to file a joint status report regarding the posture of the arbitration every one hundred and eighty days from the date of this order, and within twenty days of the resolution of the arbitration.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |